**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| JENNIFER WEGMAN,<br>        PLAINTIFF, | |
| v. | Case No. 5:21-cv-42 |
| CONSUMER SOLUTIONS GROUP, LLC<br>d/b/a THE GEORGIA CONSUMER<br>SOLUTIONS GROUP, LLC and<br>AMERICAN SAFETY INSURANCE COMPANY,<br>        DEFENDANTS | |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §
   1692, *et seq*. (hereinafter referred to as "FDCPA"), and the Texas Finance Code §
   392.001, *et seq*. by Consumer Solutions Group, LLC d/b/a The Georgia Consumer
   Solutions Group, LLC ("CSG").

### VENUE

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that all
   defendants transact business in this judicial district and a substantial portion of the acts
   giving rise to this action occurred in this District.

5. Plaintiff Jennifer Wegman resides in this District.

## PARTIES

6. Plaintiff Jennifer Wegman ("Plaintiff"), is an adult individual residing in Cibolo, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. CSG is a Georgia business entity operating from the Atlanta, GA area.

8. CSG is registered to do business in Texas and can be served via its registered agent, Jonathan Charles Frank, at 2605 Capitol Street, Houston, TX  77003, and can be served as permitted by Texas or Georgia law.

9. As will be described below, CSG communicated with plaintiff for the purpose of getting Plaintiff to pay CSG on a past-due financial obligation that will also be described below.

10. CSG advertises on its website (www.cs-groupllc.com) (last visited January 19, 2021) that "Consumer Solutions Group (CSG) is an Atlanta base [sic] Corporation providing service for delinquent account receivables for a variety of industries including Automotive, Medical, Credit Cards, Bank Overdraft, and Retail."

11. On another page of its website (http://www.cs-groupllc.com/?page_id=36) (last visited January 19, 2021) CSG advertises:

Consumer Solutions Group, LLC uses many different collection techniques to enable flexible strategies:
- Use of state-of-the-art skip tracing techniques
- Phone contact (automated and live)
- Multi-lingual collection services
- Delivery of demand letters and correspondence
- Specialized collection teams
- Locating assets available for payment of debts
- Conducting financial evaluations to determine best repayment option
- Negotiation and monitoring of payment plans
- Electronic receipt and transmittal of data
- Online viewing and monitoring of accounts

12. The principal purpose of CSG is the collection of debts using the mails and telephone and other means.

13. CSG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

14. CSG is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

15. Defendant American Safety Insurance Company ("ASIC") is liable for the acts committed by CSG complained of herein pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, bond number 10009912, as well as any other applicable law.

16. ASIC is a foreign entity that can be served in the state of Georgia via its registered agent, Scott G. Thompson, at 3715 Northside Pkwy, NW, Suite 4-800, Atlanta, GA 30327.

## FACTUAL ALLEGATIONS

17. At some time in the past, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account").  The Account was used to purchase persona items or services, but was not used for business or commercial purposes.

18. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

19. The Account allegedly went into default with the original creditor.

20. Plaintiff admits the existence of the Account, but disputes the amount CSG attempted to collect from them.

21. Plaintiff requests that Defendants cease all further communications regarding the Account.

22. After the Account allegedly went into default, the Account was purchased by or otherwise transferred to CSG for collection.

23. In approximately October 2020, CSG communicated with Plaintiff and left a voicemail for Plaintiff which stated:

> Hello, this message is intended for Jennifer Wegman. My name is Renee Smith. I'm calling regarding legal documents that I received in my office today under your name and social. I need you to be advised that I have requested [inaudible] schedule for someone to come out and serve you with the certified notice of intent regarding the pending claim being filed against you. Before they stop by your home or place of employment, I wanted to call and inform you that you're being placed on schedule. If you have any questions concerning this matter, you will need to contact our office directly at (866) 217-8269. You can refer to file number 510623. To be clear, you are being put on schedule for service. Unless I hear differently they'll be out to see you. Jennifer Wegman, you have been notified.

24. CSG's communications described above contained false and misleading statements in that there were no "legal documents" that had been received and no one had been scheduled to "serve" Plaintiff with a "certified notice of intent regarding the pending claim being filed against" Plaintiff and no one would "stop by" Plaintiff's "home or place of employment.

25. The statements described above would cause the least sophisticated consumer to believe that a lawsuit had been filed or immanently would be filed and that involuntary recovery methods such as wage garnishments would be initiated.

26. CSG left a second voicemail for Plaintiff which stated:

> This message is intended for Jennifer - Jennifer Wegman. This is Renee Smith. I'm giving you a second call following up regarding the paperwork that was forwarded to my office under your name and social.  As I stated on a previous message, I do have a request for someone to come out and serve you with the certified notice of intent regarding a pending claim being filed against you. My call today is to make sure you received your information properly regarding your claim. Also, since I've not heard any differently, I wanted to confirm the service date. They'll be stopping by your home or place of employment tomorrow between the hours of noon and five pm. Again, if you have any questions concerning this matter, you'll need to contact our office directly at (866) 217-8269. Your file number is 540623. Otherwise, Jennifer Wegman, I'll be out to see you tomorrow. Make sure you're available throughout the day with a valid state ID for service purpose.

27. This statement, too contained false statements as no one was coming out to "serve [Plaintiff] with the certified notice of intent regarding a pending claim being filed against [Plaintiff]" and no one was going to be "stopping by [Plaintiff's] home or place of employment" and that Plaintiff would not need to have with her a "valid state ID for service purpose."

28. The statements described above would cause the least sophisticated consumer to believe that a lawsuit had been filed or immanently would be filed and that involuntary recovery methods such as wage garnishments would be initiated.

29. All of the statements and actions described above were used to scare Plaintiff into making a payment on the Account.

30. In all of the communications described above with CSG, CSG did not inform Plaintiff that the caller was a debt collector or that the call was an attempt to collect a debt or that any information would be used for the purpose of debt collection.

31.  CSG never informed Plaintiff of her rights to dispute the debt or request validation of the debt in the first communication with Plaintiff or within five days of the first communication with Plaintiff.

32. Each telephone call with Plaintiff described herein constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

33. The only reason that CSG and/or its representative(s), employee(s) and/or agent(s) communicated with Plaintiff was to attempt to collect the Account.

34. All of the conduct by CSG and its respective employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

35. Plaintiff suffered actual damages in the form of embarrassment, depression, worry, loss of appetite, sleeplessness, stress and anxiety and distraction from normal life.

36. As a consequence of the collection activities and communication(s) by CSG, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

## RESPONDEAT SUPERIOR

37. The representative(s) and/or collector(s) of CSG were employee(s) and/or agents of CSG at all times mentioned herein.

38. The representative(s) and/or collector(s) at CSG were acting within the course of their employment at all times mentioned herein.

39. The representative(s) and/or collector(s) at CSG were under the direct supervision and control of CSG.

40. The actions of the representative(s) and/or collector(s) at CSG are imputed to their employer, CSG.

## COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY CONSUMER SOLUTIONS GROUP, LLC d/b/a THE GEORGIA CONSUMER SOLUTIONS GROUP, LLC

41. The previous paragraphs are incorporated into this Count as if set forth in full.

42. The act(s) and omission(s) of CSG and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d(2)&(6) and § 1692e(2)&(3)&(4)&(5)&(8)&(10)&(11)&(13) and § 1692g(a).

43. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from CSG.

### COUNT II:  VIOLATIONS OF THE TEXAS FINANCE CODE BY CONSUMER SOLUTIONS GROUP, LLC d/b/a THE GEORGIA CONSUMER SOLUTIONS GROUP, LLC

44. The previous paragraphs are incorporated into this Count as if set forth in full.

45. The act(s) and omission(s) of CSG and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.301(a)(2)&(7)&(8) and § 392.302(1) and § 392.304(a)(4)& (5)(A)&(5)(B)&(8)&(14)&(16)&(17)&(19).

46. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from CSG.

47. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks an injunction against CSG enjoining it from future violations of the Texas Finance Code as described herein.

### COUNT III:  INVASION OF PRIVACY (INTRUSION ON SECLUSION) BY CONSUMER SOLUTIONS GROUP, LLC d/b/a THE GEORGIA CONSUMER SOLUTIONS GROUP, LLC

48. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, CSG is liable to Plaintiff for invading Plaintiff's privacy (intrusion on seclusion).   CSG intentionally intruded on Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

49. Plaintiff suffered actual damages from CSG as a result of CSG's intrusion.

## COUNT IV:  IMPUTED LIABILITY OF
## AMERICAN SAFETY INSURANCE COMPANY
## FOR LIABILITY OF CONSUMER SOLUTIONS GROUP, LLC d/b/a
## THE GEORGIA CONSUMER SOLUTIONS GROUP, LLC

50.   The previous paragraphs are incorporated into this Count as if set forth in full.

51.  The act(s) and omission(s) of CSG and its representative(s), employee(s) and/or agent(s) in violation of Tex. Fin. Code § 392.301(a)(2)&(7)&(8) and § 392.302(1) and § 392.304(a)(4)&(5)(A)&(5)(B)&(8)&(14)&(16)&(17)&(19) are imputed to ASIC pursuant to Tex. Fin. Code § 392.102.

52.   Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs from ASIC.

## EXEMPLARY DAMAGES

53.   Exemplary damages should be awarded against CSG because the harm with respect to which Plaintiff seeks recovery of exemplary damages resulted from malice (which means that there was a specific intent by CSG to cause substantial injury or harm to Plaintiff) and/or gross negligence (which means that the actions and/or omissions of CSG (i) when viewed objectively from the standpoint of CSG at the time of the acts and/or omissions, those acts and/or omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others and (ii) were such that CSG had an actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of  others).

## JURY TRIAL DEMAND

54.   Plaintiff is entitled to and hereby demands a trial by jury.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following:

55. Judgment in favor of Plaintiff and against Consumer Solutions Group, LLC d/b/a The

    Georgia Consumer Solutions Group, LLC as follows:

    a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

    b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. §
       1692k(a)(2);

    c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    d. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code §
       392.403;

    e. An injunction permanently enjoining CSG from future violations of the Texas
       Finance Code as described herein;

    f. Exemplary damages pursuant to the common law of Texas, see, e.g. *Waterfield
       Mortgage Co., Inc. v. Rodriguez*, 929 S.W.2d 641, 645 (Tex. App. 1996);

    g. Such other and further relief as the Court deems just and proper.

56. Judgment in favor of Plaintiff and against ASIC as follows:

    a. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code §
       392.403 as assessed against CSG up to $10,000.00;

    b. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey D. Wood

Jeffrey D. Wood, Esq.
ArkBN: 2006164
The Wood Firm, PLLC
11610 Pleasant Ridge Rd.
Suite 103 – PMB 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@jeffwoodlaw.com
Attorney for Plaintiff